## MARY J. WILLIAMS v. NEWEL KILBURN.

*Marriage—What constitutes.*

Pending a suit by a wife for divorce, she remarried, and, after securing a decree, lived and cohabited with the second husband as his wife, under the belief that another marriage ceremony was not necessary, induced by his statement that he had been so advised by good counsel, and his agreement, which was kept, to make his will in her favor, and deliver it to her for safe-keeping. And it is held that the formal marriage ceremony may be treated as evidence, with what subsequently occurred, of the nature of the relation which the parties assumed and occupied, and that the facts establish a valid marriage; citing *Hutchins v. Kimmell*, 31 Mich. 126; *Peet v. Peet*, 52 Id. 464.

Error to Shiawassee. (Newton, J.) Argued October 6, 1891. Decided November 13, 1891.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*A. R. McBride*, for appellant.

*A. L. Chandler*, for defendant.

McGRATH, J.  Plaintiff commenced by *capias.*

In the affidavit therefor she sets forth—

That in 1878 she married one Williams, who became a common drunkard, and abandoned her; that in April, 1886, defendant offered to pay all expenses of a divorce for her if plaintiff would marry him after such divorce was obtained; that defendant said to her that he had $2,000 in cash, and some personal property, together with a life-lease of 40 acres of land, all of which would be used for their support during his life, and at his death would go to plaintiff; that, after repeated entreaties, plaintiff consented to marry him; that plaintiff then made application for a divorce from Williams; that in June, 1886, at defendant's earnest entreaty, plaintiff and defendant were married; that it was then agreed that plaintiff and defendant should not live or cohabit together until after plaintiff had obtained her divorce; that in September, 1886, the divorce was granted; that thereupon defendant wanted plaintiff to live and cohabit with him, but plaintiff refused for some time, insisting upon another marriage ceremony; that defendant advised her that he had consulted good counsel, and that another marriage was not necessary, and "to show her that he was in earnest he would immediately go with her to a lawyer, and have his will made, giving this deponent all of his property, which was expected to consist of the $2,000 he then had in the bank and the avails of his horse and carriage, and that he would give such will to this deponent for safe-keeping, so that it could neither be lost nor destroyed without deponent's consent; and he did actually go with this deponent to an attorney and have his will made, giving this deponent all his property, in said will calling this deponent his beloved wife, and handed the same to this deponent.

"This deponent, then and there believing and relying upon the statements of said Kilburn, took him home with her to live as husband and wife, where he stayed, treating this deponent as his wife, until October, 1889, when, without notice or warning to this deponent, he took his property and money in bank, and went to live with his son Albert, giving his son all his money, as he says, to keep him the rest of his life, thus rendering the will valueless. Deponent says, from October, 1886, to

October, 1889, said Kilburn lived with her in her house, using her furniture, where she did weaving to support them. She says that said Kilburn now refuses to have a legal marriage performed as he had agreed to do prior to deponent's taking him into her house, and that just prior to his leaving, in 1889, he told deponent's neighbors that he was not legally married, and he was going to leave deponent with nothing.

"Deponent says that by reason of the premises aforesaid she has been grossly wronged, injured, and deceived by said Newel Kilburn, and damaged, whereby a cause of action has arisen to this deponent in an amount of damages of $2,000."

The declaration counts upon the matters set forth in the affidavit, and upon a breach of defendant's promise of marriage. Defendant demurred to the declaration, the demurrer was sustained, and upon motion the writ of *capias* was afterwards quashed and set aside, and plaintiff appeals.

There was no error in the judgment of the court below. The facts set forth show that, after plaintiff obtained her divorce, it was agreed that they should live and cohabit together as man and wife, which they continued to do for three years thereafter. The formal marriage ceremony may be treated as evidence with what subsequently occurred, of the nature of the relation which they assumed and occupied. These facts establish a valid marriage, and plaintiff's rights grow out of that relation. *Hutchins v. Kimmell,* 31 Mich. 126; *Peet v. Peet,* 52 Id. 464. Her remedy is that of a married woman against a deserting husband.

The judgment is affirmed, with costs.

The other Justices concurred.