PEOPLE *v.* BOOTH.

1. MARRIAGE AND DIVORCE—COHABITATION.

That a marriage ceremony was performed four days before a decree of divorce from a third person, which had been granted one of the parties, was formally filed, does not prevent a valid marriage being based upon the subsequent cohabitation of the parties as husband and wife.[1]

2. SAME—ORDER OF PUBLICATION—DELAY IN ISSUING—JURISDICTION.

A court may have jurisdiction to enter a decree of divorce, although the service was by publication, the affidavit for which was sworn to three days before the order of publication was made, when a subpœna was duly issued in the case, and the return showed the inability, after diligent search and inquiry, to find the defendant, and the affidavit for the order of publication was made after the return of the subpœna, and stated that the defendant was concealed within the State, so that process could not be served upon him; 3 How. Stat. § 6670, providing that service may be by publication when it is shown by affidavit that process has been duly issued, but could not be served because the defendant was concealed within the State.

3. DISORDERLY PERSONS—THIRD OFFENSE—SUFFICIENCY OF INFORMATION.

An information charging that respondent was "heretofore duly convicted of the same offense," giving the dates and the person before whom he was convicted, and that "this is charged against him as a third offense." is a sufficient information to justify punishment for a third offense, under Act No. 190, Pub. Acts 1895, providing for the punishment of disorderly persons.

4. SAME.

It is not necessary, in order to justify punishment for a third offense under Act No. 190, Pub. Acts 1895, that the complaints and warrants in the former convictions should have stated that they were for first and second offenses.

---

[1] The effect of the right to appeal from a divorce decree on a party's right to marry is considered in a note to *Re Smith*, (Wash.) 17 L. R. A. 573.

Exceptions before judgment from Wayne; Hosmer, J. Submitted May 3, 1899.   Decided September 12, 1899.

Frank Booth was convicted, under the disorderly act, of refusing and neglecting to support his family.   Conviction affirmed.

*Edward McNamara*, for appellant.

*Allan H. Frazer*, Prosecuting Attorney, and *Ormond F. Hunt*, Assistant Prosecuting Attorney, for the people.

LONG, J.   The information in this cause charges the respondent with being a disorderly person, within the meaning of Act No. 264, Pub. Acts 1889 (being section 1997$a$, 3 How. Stat.).   The information charges a third offense, the respondent having been theretofore convicted of the same offense on, to wit, October 12, 1896, and June 29, 1897.   It appeared on the trial that the respondent was married to one Rosa La Rue, in Detroit, on June 27, 1893; that they lived together there as husband and wife for nearly 3 years, and that 22 months after the marriage a child was born to them; and that in October, 1895, the respondent left his wife, and refused to support her or the child.   The defense is that the said Rosa La Rue was not the lawful wife of respondent.   It is conceded that, if it be found that she is the lawful wife of respondent, there is testimony sustaining the conviction.

It was shown that Rosa La Rue had been married before to one James F. La Rue; that a decree of divorce was granted by the court on June 24, 1893, but the decree was not formally filed until July 1, 1893, and her marriage to respondent took place four days before, or on June 27th.   The mere fact that the decree was not formally filed until July 1, 1893, cannot aid the respondent.   The marriage ceremony was performed between himself and Rosa La Rue, and they continued to live and cohabit together as husband and wife from that time forward.   These facts establish a valid marriage, within the ruling

of this court in *Williams* v. *Kilburn*, 88 Mich. 279.     The
respondent was sworn on the trial, and admitted that the
child was his; that he lived with Rosa La Rue as his wife,
—so recognized her.

It is also contended that the court had no jurisdiction to
enter a decree of divorce, because the affidavit of the com-
plainant for the order of publication was sworn to on the
5th day of August, 1892, and the order of publication was
not made until August 8th, two days having intervened.
It appears, however, that a subpœna was duly issued in
the case, and a return indorsed thereon by the sheriff
that he was unable, after diligent search and inquiry, to
find the defendant named therein.     The affidavit for the
order of publication was made after the return of such
subpœna.     The affidavit for the order states that the "de-
fendant is concealed within the State, so that process can-
not be served upon him, and that the subpœna issued in
the case has been returned unserved upon the said defend-
ant, though diligent search has been made for him by the
sheriff of this county, as will appear by the return made
by the sheriff, now on file."     This affidavit conferred
jurisdiction upon the court, within the terms of section
6670, 3 How. Stat., though the order was not made until
three days after the affidavit was sworn to.     The statutory
provision is that, "when the defendant is a resident of
this State, upon proof by affidavit that the process for his
appearance has been duly issued, and that the same could
not be served by reason of his absence from or conceal-
ment within this State, or by reason of his continued ab-
sence from his place of residence," the order may be made.

It is also contended that the complaints and warrants
under which the former convictions were had were not in
compliance with the statute, in that they did not recite
that it was for the "first offense" and "second offense,"
as required by Act No. 190, Pub. Acts 1895.     Section 1
of that act provides:

"Any person who shall be convicted a second time of
being a disorderly person, the offense being charged as a

second offense, shall be punished * * *. And for a third and all subsequent convictions, the offense being charged as a third or subsequent conviction, the punishment shall be by imprisonment in the Detroit house of correction," etc.

The information charges that said "Frank Booth was heretofore duly convicted of the same offense, to wit, October 12, 1896, and June 29, 1897, before Frederick W. A. Kurth, and this is charged against said Frank Booth as a third offense," etc. It was held in *People* v. *Buck*, 109 Mich. 687, that:

"An information for a third offense under the act in relation to disorderly persons (section 1997*a* *et* *seq.*, 3 How. Stat.) must allege that convictions were had for such previous offenses, and, properly, it should also state the date and the occasion of such convictions."

The information in that case had no averments of previous convictions, and it was said, "A sentence could not lawfully be imposed for a longer term than 30 days." In the present case the information charges two previous convictions for the same offense, and gives the dates of those convictions, and before whom they were had. We think the information sufficiently stated the former convictions to warrant the conviction here, and, so far as this case is concerned, it does not matter whether the former complaints and warrants averred that they were for first and second offenses. The statute does not require, in the prosecution for a third offense, that the complaints and warrants in the former convictions shall have stated that they were for first and second offenses, but simply that the offense shall be "charged as a third or subsequent conviction," etc. The objection has no force.

The conviction must be affirmed.

The other Justices concurred.