VINCENZO RUSSO *vs*. RHODE ISLAND COMPANY.

NOVEMBER 19, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Common Carriers.   Negligence.   Use of Appliances.*

In a personal injury action a declaration alleging that defendant did not exercise reasonable care in the control, management and operation of an electric car, but that it wholly failed to do so and by its agents so carelessly and negligently controlled, managed and operated the car that it ran into and upon the plaintiff is sufficient in this respect, and it is not necessary to allege the particular appliances which the motorman was called upon to operate or the particular order or manner in which he should operate them.

*(2)  Common Carriers.   Negligence.   Use of Appliances.*

In a personal injury action a charge stating in substance that a motorman is bound to make such use of his appliances to stop the car as a reasonable person might do under the circumstances, is proper.

*(3)  New Trial.   Decision of Lower Court.*

If the decision of the trial judge in denying a motion for new trial was justified by the evidence, upon exceptions to such decision, it is not important that he may have reached such conclusion through faulty reasoning or even through a mistake of law or fact.

*(4)  Personal Injury Action.   Damages for Death of Minor.*

In a personal injury action by a parent to recover for the death of his minor child, aged five and one-half years, while the question of damages in such a proceeding is a very difficult one and incapable of exact determination, a jury is not justified in assessing damages in the absence of any testimony bearing upon the value of services and the cost of support.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of defendant and exception to decision of court denying its motion for new trial on the ground that the damages were excessive, sustained.

VINCENT, J.   This is an action of trespass on the case for negligence brought by Vincenzo Russo against the Rhode Island Company to recover damages for the death of his minor daughter, aged five and one-half years.

The case was tried in the Superior Court and the jury returned a verdict for the plaintiff in the sum of $1,200. The defendant filed a motion for a new trial which was denied by the trial judge and the case is now before us upon the defendant's bill of exceptions which contains nineteen assignments of error. The first thirteen relate to the rulings of the trial court in the admission or rejection of testimony. These exceptions are not argued upon the defendant's brief and do not appear upon examination to require discussion.

The remaining exceptions are to the refusal of the trial court to direct a verdict for the defendant; to a certain portion of the charge to the jury; and to the refusal of the trial judge to grant a new trial on the grounds (1) that the verdict is contrary to the evidence and the weight thereof, (2) that the verdict is against the law, and (3) that the amount of damages awarded are excessive.

The accident in question occurred on Atwells avenue, in the city of Providence, on September 11, 1912, at about 5:30 in the afternoon. The street lights were not lighted. It was somewhat dusk and raining quite hard. The daughter of the plaintiff left her home, upon the north side of the street, following her mother who had shortly before gone to a store upon the opposite side. While crossing the street the little girl was struck by a car, proceeding toward the center of the city, and received injuries from which she soon after died.

The plaintiff offered some evidence to the effect that when the child came upon or was proceeding toward the track in close proximity thereto she was within the unobstructed view of the motorman and far enough away to have enabled him to stop his car and avoid the accident had he exercised a proper degree of care.

The defendant offered testimony to show that the view of the motorman was obstructed by some vehicle upon the street, either a pushcart or express wagon, and that from behind some such vehicle the child suddenly appeared upon

the track so near to the approaching car that it was impossible to stop in time to avoid striking her. From an examination of the transcript of testimony we think it must be said that there is material evidence in support of each of these contentions and that we do not find that great preponderance of testimony in favor of the defendant which would justify us in setting aside the verdict upon that ground. If the jury believed the testimony of the plaintiff's witnesses they might conclude therefrom that when the child appeared upon the track or was approaching it, and very near thereto, she was within the unobstructed view of the motorman and a sufficient distance away to have enabled him to stop the car and avoid the accident.

We do not think that under these conditions of the case the trial court would have been justified in directing a verdict for the defendant or that the refusal to grant a new trial was clearly erroneous.

(1) The defendant took an exception to a portion of the charge to the jury which was as follows: "If, under those circumstances, the motorman saw the danger of that child, and he could be expected, as a reasonable person, either to check the speed of that car or to stop it, or to use such appliances by dropping the fender, or whatever appliances there were there, to avert the accident—if he could be expected to do that and avoid the accident, or minimize the accident and the injury to the child, it was his duty to do it; and if he could have done it, as a reasonable person, and failed to do so, then the law attached negligence to the company, because, it says, that the proximate cause of the injury was the neglect of the motorman to prevent the accident at any time when he saw the peril of the child, and that he might, as a reasonable man, have averted that accident."

The defendant says in the first place that this portion of the charge was error because the declaration contained no allegation that the negligence of the defendant was due to the failure of the motorman to seasonably drop the fender of the

car and that the question as to the order in which the motorman should operate the safety appliances should not have been left to the consideration of the jury and that permitting them to consider that question was prejudicial.

The plaintiff's declaration alleges that the defendant did not exercise reasonable care in the control, management and operation of its car, but that it wholly failed to do so and by its agents and servants so carelessly and negligently controlled, managed and operated the car that it ran into and upon the plaintiff's child, etc. It seems to us that the declaration is sufficient in this respect and that it would not be necessary for the plaintiff to allege the particular appliances which the motorman was called upon to operate or the particular order or manner in which he should operate them.

If we read this portion of the charge, either by itself or in connection with its context, we fail to see how it could have been prejudicial to the defendant. It does not seem to us that it amounted to an instruction that if the motorman, in an emergency, failed to make the most judicious use of the safety appliances at hand he would be guilty of negligence. This portion of the charge was well adapted to convey to the minds of the jurors that a motorman is bound to make such use of his appliances as a reasonable person might do under the circumstances and that being the rational import of the language used we cannot say that it was error.

The defendant has in its brief considered, at some length, the rescript of the trial court denying the motion for a new trial. We have examined the testimony upon both sides of the case and the charge of the presiding justice and we find therein a sufficient warrant for the conclusions reached, without entering upon a discussion of any view of the case which the trial justice may have later expressed in his rescript, and which could have had no influence upon the jury.

The question before us is, should a new trial have been granted or denied? If the decision of the trial judge in (3) denying the defendant's motion for a new trial is justified by the evidence, it is not important to our consideration that he may have reached such a conclusion through faulty reasoning or even through a mistake of law or fact.

It now remains for us to consider the exception of the defendant to the decision of the court denying its motion for a new trial on the ground that the damages are excessive. The defendant contends that the jury were unwarranted in assessing damages in the sum of $1,200, because the plaintiff offered no testimony which could in any way assist the jury in estimating the probable earnings of the child or the cost of her support and maintenance and that the sum fixed by the jury was therefore the result of conjecture and speculation. We find upon an examination of the transcript of evidence some testimony to the effect that the child was somewhat large for its age and that it had always been in good health. There was also a further statement, on the part of the mother, that the child was helpful in the house, but had never been employed in doing errands. We think this testimony is too meager to form a basis for the assessment of damages.

As this court said in *Schnable* v. *Providence Public Market*, 24 R. I. 477, the question "for the jury to determine in such a case is what, in their judgment, would have been the pecuniary value of the child's services from the time of the accident . . . to the time when it would have reached the age of majority, . . . less the child's proper support and maintenance."

There are no facts in the present case which could aid a jury in determining the value of the services or the cost of the child's support and the amount of damages awarded must, therefore, have been the result of conjecture or (4) speculation. The court in the *Schnable* case said that the question of damages, in such a proceeding, was a very difficult one and incapable of exact determination, but it

does not go to the extent of saying that a jury will be per-- mitted to assess damages in the absence of any testimony bearing upon the value of services and the cost of support.

The case is remitted to the Superior Court for a new trial upon the question of damages only.

*William R. Champlin,* for plaintiff.
*Clifford Whipple, Alonzo R. Williams,* for defendant.