HAMLIN et al. v. GROGAN.

(Circuit Court of Appeals, Eighth Circuit. April 7, 1919.)

No. 5219.

1. APPEAL AND ERROR ⬁1009(1)—REVIEW ON APPEAL—FINDINGS OF FACT.
    A finding of fact by a chancellor, who heard the witnesses, will not be reversed, except in a clear case.

2. MARRIAGE ⬁50(5)—PROOF OF CONTRACT—CIRCUMSTANTIAL EVIDENCE—COHABITATION AND REPUTATION.
    A contract of common-law marriage may be shown as an inference of fact from cohabitation, declarations of the parties, and reputation among friends and kindred.

3. MARRIAGE ⬁40(11)—PRESUMPTION OF LEGALITY.
    Where a contract of marriage is proved, the burden of proof rests upon the party contesting it to show that one of the parties was not qualified to enter into the contract by reason of an existing prior marriage.

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Bill of interpleader in equity by Oscar T. Hamlin, administrator, against George H. Grogan and others. Decree for defendant Grogan, and complainant and the other defendants appeal. Affirmed.

Oscar T. Hamlin, of Springfield, Mo. (Lou L. Collins and Willard W. Hamlin, both of Springfield, Mo., on the brief), for appellants.

G. M. Sebree, of Springfield, Mo. (W. J. Orr, of Springfield, Mo., Frank P. Sebree, of Kansas City, Mo., and L. R. Patton, of Galveston, Tex., on the brief), for appellee.

Before CARLAND and STONE, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. [1] The controversy in this suit turns upon the question whether appellee, George H. Grogan, was the husband of Eliza Grogan at the time of her death. There is no charge of adultery or bigamy. It is entirely a matter of who is entitled to the estate of Mrs. Grogan. The marriage was established by cohabitation, by both of the parties holding themselves out as husband and wife, and by documentary evidence in the handwriting of Mrs. Grogan. The case was carefully tried by an able and experienced judge. He found in favor of the marriage. His finding is amply supported by the evidence. Unless we are to completely disregard the rule that the finding and decree of a chancellor, who has heard the witnesses, will not be disturbed, except in a clear case, the decree ought to be affirmed. Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764; Coder v. Arts, 152 Fed. 943, 946, 82 C. C. A. 91, 15 L. R. A. (N. S.) 372; Silver King, etc., Mining Co. v. Silver King Consolidated, etc., Co., 204 Fed. 166, 177, 122 C. C. A. 402. We have carefully read the record, and, if we were trying the case ourselves, we should reach the same conclusion as that arrived at by the chancellor. No questions of law are presented, except such as are deeply involved in the primary question of fact. We do not feel that any good purpose would be served by an elaborate marshaling of the testimony to justify the decree. Each case involving such a controversy must turn upon its own evidence. The law is well established, and has been recently declared by the Supreme Court and by this court. Travers v. Reinhardt, 205 U. S. 423, 27 Sup. Ct. 563, 51 L. Ed. 865; Great Northern Ry. Co. v. Johnson, 254 Fed. 683, —— C. C. A. ——.

[2] The most serious of appellants' contentions is that in the case of a common-law marriage the contract between the parties must be proven as a tertium quid anterior to and independent of cohabitation, declaration of the parties, and manner of life. Such is not the law. By the overwhelming weight of authorities the contract may be shown as an inference of fact from cohabitation, declarations, and reputation among friends and kindred. In such a case the fact of contract is not a "presumption," but is a fact proven by circumstantial evidence. Such circumstantial evidence, if clear and persuasive, establishes the existence of the contract of marriage between the parties as satisfactorily as if the contract had been reduced to writing, or had been expressed in the presence of living witnesses in the plainest form of contractual

words. The cases are fully reviewed in Travers v. Reinhardt, 205 U S. 423, 27 Sup. Ct. 563, 51 L. Ed. 865. The law on the subject received an accurate statement by one of the greatest judges of our race in the language of Lord Westbury quoted in the Travers Case at page 441 of 205 U. S., at page 569 of 27 Sup. Ct. (51 L. Ed. 865). See, also, Nelson v. Jones, 245 Mo. 579, 151 S. W. 80; Betzinger v. Chapman, 88 N. Y. 488; Adger v. Ackerman, 115 Fed. 124, 52 C. C. A. 568; White v. White, 82 Cal. 427, 23 Pac. 276, 7 L. R. A. 799; 18 Ruling Cases, 421, §§ 46 and 57, and cases there cited.

[3] The foregoing view as to the proof of the contract of marriage answers the contention of appellants that the trial court in reaching its conclusion proceeded by resting the presumption of the contract of marriage upon the presumption that appellee's former marriage had been terminated in some lawful way. No such double presumption exists in the reasoning of the trial judge. As already stated, the existence of the marriage contract between Mr. and Mrs. Grogan is proven as a fact by circumstances, and does not rest upon a presumption. So the court could properly base its decree upon the presumption that Grogan was qualified to enter into the contract of marriage by reason of his former marriage having terminated in some lawful way. It is also true that the burden of proof as to the existence of the former marriage at the time of entering into the second contract was upon appellants. They could discharge that burden only by proof. It could not be done by the metaphysics of presuming that the former wife was still living, and the marriage with her in force.

The decree is affirmed.