AGNES E. HOLGATE *vs.* UNITED ELECTRIC RAILWAYS CO.

MAY 7, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Sweeney, JJ.

*(1)   Common Law Marriage.*

A common law marriage is valid in this State.

*(2)   Common Law Marriage.*

The evidence to prove a common law marriage should be clear and convincing.

*(3)   Common Law Marriage.*

After decision granting petition of the husband for absolute divorce but before final decree could be entered the husband contracted another marriage in a foreign state. This marriage was void. The parties returned to this state and lived together as husband and wife for seventeen years. Final decree in the divorce petition was entered.

*Held,* that the fact that the marriage was void did not prove that the parties did not then intend to and consent to become husband and wife.

*Held,* further, that after the obstacle to the marriage was removed the continued cohabitation of the parties raised a presumption of an actual marriage immediately after the removal of the obstacle and warranted a finding to that effect.

*Held,* further, that a common law marriage may be shown as an inference of fact from cohabitation declarations and reputation among friends and kindred and in such case the fact of contract is not a presumption but is a fact proven by circumstantial evidence, which evidence if clear and persuasive establishes the existence of the contract of marriage.

PETITION under Workmen's Compensation Act. Heard on appeal of respondent and dismissed.

SWEENEY, J.   This is a petition for compensation under the Workmen's Compensation Act.

The petitioner avers that she is the widow of Richard A. Holgate, who lost his life by reason of an accident arising out of and in the course of his employment with the respondent. After hearing in the Superior Court decision was rendered for the petitioner and a decree entered thereon. Respondent has brought the petition to this court by its appeal claiming that the court erred in finding that the petitioner was the wife of Richard A. Holgate at the time of his death.

The questions raised by the appeal are (1) Is a common law marriage valid in this State? and (2) Does the evidence prove such a marriage?

The facts relevant to the marriage of the petitioner are as follows: April 19, 1907, Mr. Holgate and the petitioner, both residents of this State, went to North Attleboro, Massachusetts, and were married by a justice of the peace. This marriage was absolutely void because Mr. Holgate had a wife living at the time, from whom he had not been divorced. § 4159, G. L. 1923. He had, however, obtained a decision in the Superior Court of this State January 7, 1907, granting his petition for an absolute divorce from his wife, but this decision did not become final and operative until August 5, 1907, when final decree was entered, and he might marry again. § 4230, G. L. 1923. After the marriage Mr. Holgate and the petitioner immediately returned to this State and lived together here as husband and wife until the death of Mr. Holgate in May, 1924.

The validity of a common law marriage has never been decided by this court. In *Peck* v. *Peck*, 12 R. I. 485, and *Odd Fellows' Ben. Assn.* v. *Carpenter*, 17 R. I. 720, the court was of the opinion that the evidence did not prove a common law marriage and found it unnecessary to decide the validity of such a marriage.

Our statute relating to marriage, Chap. 287. G. L. 1923, does not forbid common law marriages. The legislature could have declared such marriages void the same as it has declared marriages of persons within certain specified degrees of kindred void. Most of the provisions of this chapter relate to the designation of persons authorized to perform the ceremony of marriage, the necessity for obtaining a marriage license and the return thereof. These provisions are directory only as § 4176 of said chapter provides that the validity of a marriage shall not be affected by reason of non-compliance with any of the requirements of the chapter, if the marriage is in other respects lawful and has been performed with a full belief on the part of the persons so mar-

ried, or either of them, that they have been lawfully joined in marriage.

This court said in *Chase, Petitioner*, 26 R. I. 351, 354, "While our statutes prescribe certain formalities and requirements in connection with the entering into the marriage relation, it is to be carefully borne in mind that they nowhere declare that the failure to observe any or all of said formalities or requirements shall have the effect to render a marriage void".

(1) After careful consideration of the question we are of the opinion that a common law marriage is valid in this State.

The Circuit Court, District of Rhode Island, held that a common law marriage was valid in this State in *Mathewson v. Phoenix Iron Foundry*, 20 F. 281. In a majority of the States common law marriages are held valid, and the statutory provisions relative to the licensing and solemnization of marriages have been held to be directory merely, and not to affect the validity of common law marriages. The cases on this subject are annotated in 39 A. L. R. 538; 26 Cyc. 840; *Meister v. Moore*, 96 U. S. 76.

Does the evidence prove a common law marriage? The (2) evidence to prove such a marriage should be clear and convincing. There can be no doubt as to the intention of the parties to become husband and wife when they journeyed to North Attleboro, April 19, 1907, and the ceremony of marriage was performed there by a justice of the peace. If the parties did not intend to become lawfully married at the time it is not reasonable to suppose that they would have undertaken the trouble and expense of going through an idle ceremony. The fact that the marriage was void, because final decree had not been entered at the time divorcing Mr. Holgate from his former wife, would not prove that the parties did not then intend to and consent to become husband and wife. They probably believed that they were lawfully married at the time for they immediately returned to this State and lived together as husband and wife for more than seventeen years, until the death of Mr.

(3) Holgate. A brother, sister, niece, and landlady of Mr. Holgate testified that he introduced the petitioner to them and other relatives and friends as his wife, and that they lived together and were known as husband and wife by his relatives and friends from the time of their marriage in 1907 until his death. December, 1917, Mr. Holgate took out an accident insurance policy in favor of the petitioner as his wife. It is the universal custom for people to live together and cohabit as husband and wife from the time of their marriage and it is to be presumed that they will not thus consort unless they are married. *State* v. *Tillinghast,* 25 R. I. 391. Cohabitation, following an engagement, is *prima facie* evidence of consent to be husband and wife. *Peck* v. *Peck, supra.*

The respondent contends that the relationship between the parties was meretricious in its inception, and did not ripen into a common law marriage in the absence of an express contract of marriage between the parties after the entry of the divorce decree. This contention is not sound. It is a principle of law that where parties who are incompetent to marry enter an illicit relation with a manifest desire and intention to live in a matrimonial union rather than in a state of concubinage, and the obstacle to their marriage is subsequently removed, their continued cohabitation raises a presumption of an actual marriage immediately after the removal of the obstacle, and warrants a finding to that effect. *Adger* v. *Ackerman,* 115 F. 124. A common law marriage may be shown as an inference of fact from cohabitation, declarations, and reputation among friends and kindred. In such a case the fact of contract is not a presumption, but is a fact proven by circumstantial evidence. Such circumstantial evidence, if clear and persuasive, establishes the existence of the contract of marriage between the parties as satisfactorily as if the contract had been reduced to writing, or had been expressed in the presence of living witnesses in the plainest form of contractual words. *Hamlin* v. *Grogan,* 257 F. 59; *Williams* v.

*Kilburn,* 88 Mich. 279; *Travers* v. *Reinhardt,* 205 U. S. 423.

The only conclusion from the evidence consistent with the intent, conduct, declarations and reputation of the petitioner and Mr. Holgate is that there was a common law marriage between them after the impediment to his marriage was removed by the entry of the final decree in his divorce case. It follows that she was his wife at the time of his death, and is entitled to the compensation provided by the Workmen's Compensation Act for the injuries sustained by him in the course of his employment.

The appeal is dismissed. The decree appealed from is affirmed, and the cause is remanded to the Superior Court.

*John L. Curran,* for petitioner.

*Clifford Whipple, Earl A. Sweeney,* for respondent.