231 A.2d 484.

STANWOOD A. DEMERS *vs.* MERRILL F. ADAMSON *et al., Members of the Town Council of West Greenwich.*

JULY 10, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is a civil action for the issuance by the superior court of a writ of mandamus directing the defendant town council to revoke a license for the operation of a dog kennel in the town of West Greenwich. The defendants' motion to dismiss for failure to state a claim upon which relief could be granted was heard by a justice of the superior court and was granted. From that decision the plaintiff has prosecuted an appeal to this court.

It appears from the bill of complaint that plaintiff is a resident of the town of West Greenwich and that his home is located in close proximity to premises upon which a dog kennel is maintained under a license issued therefor by the town clerk on April 1, 1966. Such kennels are required by statute to be licensed, G. L. 1956, §4-13-10, when proper application therefor is made and the licensing authority shall deem the kennel or its operation at a designated location will not constitute a public nuisance.

In support of his petition for a writ of mandamus, plaintiff now urges, as we understand him, that the license is invalid, first, because the licensing authority failed to make a determination as to whether the proposed kennel would constitute a public nuisance and, secondly, because the town council had failed to establish any criteria for making a determination as to the public nuisance by the licensing authority.

City and town councils are authorized to make such provisions concerning dogs in their respective cities and towns as they shall deem expedient in §4-13-1. Provision is made for the licensing of dogs in the various cities and towns in §4-13-5, and in §4-13-8, as amended, it is provided expressly: "Except as otherwise provided specifically by law, the town clerk shall issue the license and receive the money

therefor * * *." There is nothing contained in the instant record suggesting that the town council has by ordinance provided that any person other than the town clerk shall have authority to issue a kennel license, and, therefore, we conclude that the town clerk is the proper licensing authority under the statute.

The license, as indicated, was issued under the provisions of §4-13-10, which provides that thoroughbred dogs kept for breeding and stud purposes only shall not be subject to the provisions of the statute requiring licensing. The statute does provide that such dogs shall be kept in a breeding kennel licensed in accordance with the provisions of said §4-13-10 and only allowed at large in the charge of the owner or keeper of such kennel. It then provides expressly: "Every owner or keeper of such dogs may make application to the town or city clerk or board of police commissioners or chief of police granting the dog licenses in the town or city in which such kennel is proposed to be located for what shall be known as a kennel license. Such application shall state the name or names of the owner and keeper of such kennel, the proposed location of the same, and the number of dogs to be kept therein; and that the same are to be kept for breeding and stud purposes only; and thereupon if such town or city clerk or board of police commissioners or chief of police *shall deem that such kennel and the use and operation thereof at such location would not constitute a public nuisance, he or they shall issue a kennel license* authorizing the owner or keeper to keep such kennel in the definite location to be specified in such license, upon the payment by such applicant of the following fee for such license * * *." (italics ours)

Nowhere in the statute is there any express provision for revocation of the kennel licenses therein authorized. The plaintiff clearly is of the opinion that a power of revocation vests in the town council but has presented us with no persuasive argument supporting such a view. Were we to

assume, however, without deciding, that authority to revoke such license inheres in the town council pursuant to the provisions of §4-13-1, it is clear that to establish grounds for such revocation would involve an exercise of discretion on the part of the town council and not merely the performance of a ministerial act imposed upon it in the statute. Consequently, we are of the opinion that under our well-established rule, mandamus would not lie in this case, and we conclude, therefore, that the trial justice did not err in dismissing on the ground that a claim upon which relief could be granted had not been stated under Rule 12 (b) (6) of the rules of civil procedure of the superior court. In *Aniello* v. *Marcello,* 91 R. I. 198, 202, 162 A.2d 270, 272, we said: " 'It is generally well established that a writ of mandamus will issue only where the petitioners have a clear legal right to have the act done which is sought by the writ; and where the respondents have a ministerial, legal duty to perform such act without discretion to refuse; and where the petitioners have no plain and adequate remedy at law. It is not generally used to establish such a right and it is usually denied where such an alleged right is either uncertain or doubtful.' "

We are aware, in so concluding, that Rule 1 of the rules of civil procedure of the superior court provides, in part, that such rules "* * * shall be construed to secure the just, speedy, and inexpensive determination of every action." It may well be that the trial court, pursuant to that statement of policy contained in the rule, could have elected to treat the complaint as one seeking injunctive relief, that is, to enjoin the operation of the kennel on the ground that the license was invalid because it was issued in violation of the express provisions of the statute. However, because of the posture in which the case was before the trial justice, it would serve no useful purpose to seek to resort to this alternative relief.

This for the reason that failure to join an indispensable

party is a ground for dismissal of a civil action under Rule 12 (b) (7) of the rules of civil procedure of the superior court. Further, it is well settled that this question may be raised sua sponte by the court even though it is not raised by the parties. *Flynn* v. *Brooks*, 105 F.2d 766; *Clark* v. *Hutchinson*, 161 F. Supp. 35. See also 3 Moore, Federal Practice (2d ed.), ¶19.05, p. 2147; 2 Barron and Holtzoff, Federal Practice and Procedure, §516, pp. 160-163.

Because of this it is our opinion that in the instant case consideration of the complaint as one seeking injunctive relief would be meaningless, as it would give rise to the question of whether the failure to join the owners or operators of the kennel was fatal. These, in our opinion, are indispensable parties to such an action, and the failure to join them would require a dismissal under said Rule 12 (b) (7) of the rules of civil procedure of the superior court. We think that such action would have been obligatory upon the trial justice.

The appeal of the plaintiff is denied and dismissed without prejudice, the judgment appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Stanwood A. Demers, pro se,* for plaintiff.

*A. Earl Shaw, Jr.,* Town Solicitor, for defendants.