395 A.2d 1060.

Antonio J. Souza, Jr. *et al. vs.* Lera L. O'Hara.

DECEMBER 26, 1978.

Present: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.  This is an appeal from a judgment of the Superior Court denying Antonio J. Souza, Jr., and Kathleen J. O'Dowd's petition for a writ of mandamus seeking to compel the Registrar of Vital Statistics, the defendant herein, to record an alleged common-law marriage.[1]

The record discloses that plaintiffs began living as husband and wife on February 11, 1976, and continued to so live until Antonio was returned to the Adult Correctional Instututions on April 29, 1976. The plaintiffs submitted an affidavit to the Superior Court indicating that they had represented themselves as husband and wife to their friends, neighbors and relatives.[2] This affidavit was substantiated by Kathleen's trial testimony, where she named several state agencies and businesses to which she had also indicated she was married.

On August 6, 1976, the plaintiffs entered into a marriage contract while Antonio was incarcerated. After the document was signed and witnessed, Kathleen proceeded to the Division of Vital Statistics within the Department of Health and attempted to record the marriage contract. The defendant refused to accept the contract, and the Superior Court action followed.

---

[1]The Superior Court action was commenced by a petition for mandamus and during those proceedings the parties were referred to as the plaintiffs and the respondent. Because Super. R. Civ. P. 81(d) governs an action to obtain relief by writ of mandamus, the action must properly be considered to be a complaint. The parties involved will therefore be referred to as the plaintiffs and the defendant.

[2]Proof of a common-law marriage requires clear and convincing evidence that the parties considered themselves to be married and that their conduct gave rise to a general reputation among friends and relatives that they were married. *Sardonis* v. *Sardonis*, 106 R.I. 469, 472, 261 A.2d 22, 24 (1970).

The trial justice denied plaintiffs' request for relief. In so doing, the trial justice found that common-law marriages were no longer recognized in Rhode Island and that the absence of a marriage precluded the use of mandamus. While we agree with the ultimate result reached by the trial justice, we disagree with the reasoning upon which his denial of mandamus was based.

If the trial court's decision is correct, it is not germane to our purposes that the conclusion was reached through faulty reasoning or a mistake of law. *Russo* v. *Rhode Island Co.*, 38 R.I. 323, 327, 95 A. 666, 667 (1915). It is well settled in this jurisdiction that this court will sustain an order or judgment that is correct notwithstanding the erroneous reasoning upon which it rests. *DiRaimo* v. *DiRaimo*, 117 R.I. 703, 708, 370 A.2d 1284, 1287 (1977).

Having stated this, we now direct our attention to the issues properly under consideration in the instant case: (1) whether common-law marriages are valid and recognized in this state, and (2) if so, whether law mandates that they be recorded.

In making his decision, the trial justice found our decision in *Holgate* v. *United Electric Railways*, 47 R.I. 337, 133 A. 243 (1926), confirming the validity of common-law marriages to have been overruled by the subsequent legislative enactment of G.L. 1956 (1969 Reenactment) §15-2-1.[3]

The plaintiffs contend that notwithstanding §15-2-1, common-law marriages remain valid. According to plaintiffs, such marriages are a common-law right and must be specifically abrogated by statute. The plaintiffs' position is that §15-2-1 fails to accomplish this purpose, and therefore common-law marriages remain in full force and effect and must be recorded. The defendant in turn argues that

---

[3]General Laws 1956 (1969 Reenactment) §15-2-1 provides in pertinent part that

"[p]ersons intending to be joined together in marriage in this state must first obtain a license * * * ."

common-law marriages are invalid, and even assuming that they are valid, defendant has no mandatory duty to record such marriages.

## I

We initially consider whether the trial justice erred in holding that §15-2-1, which relates to the licensing of marriages, extinguished the validity of common-law marriages. In *Holgate, supra* at 338, 133 A. at 243, we held that G.L. 1923, ch. 287, the predecessor to §15-2-1, did not affect the validity of common-law marriages. We further noted that such statutory provisions relative to the licensing and solemnization of marriages are directory and are unrelated to the status of common-law marriages. 47 R.I. at 338-39, 133 A. at 243-44. An examination and comparison of G.L. 1923, ch. 287, with the current relevant statutes, chapters 2 and 3 of title 15, reveal that these enactments contain no language indicating that common-law marriages are now prohibited.

Our view in *Holgate* was reaffirmed by the decision in *Sardonis* v. *Sardonis,* 106 R.I. 469, 261 A.2d 22 (1970), where in finding the parties were validly married, we stated that common-law marriages have long been recognized in this state. This view is further buttressed by the well-established principle that the abrogation of a common-law right by statute requires that the legislative intent to do so be clearly expressed. *Town of North Kingstown* v. *North Kingstown Teachers Association,* 110 R.I. 698, 703, 297 A.2d 342, 344-45 (1972). We find no such expression in the current statutes and conclude that common-law marriages are valid.

## II

We next consider whether there is a duty imposed upon defendant to record common-law marriages. We have previously detailed the conditions precedent to the issuance of a writ of mandamus. *Daluz* v. *Hawksley,* 116 R.I. 49, 52, 351 A.2d 820, 822 (1976); *Demers* v. *Adamson,* 102 R.I. 453, 456, 231 A.2d 484, 485 (1967); *Aniello* v. *Marcello,* 91 R.I. 198, 202-03, 162 A.2d 270, 272 (1960); *Sun Oil Co.* v.

*Macauley,* 72 R.I. 206, 210, 49 A.2d 917, 919 (1946). Applying these conditions to the case before us, it is clear that plaintiffs must show that as partners in a common-law marriage they have a clear legal right to have their marriage recorded by defendant. Thus they must demonstrate that defendant has a legal, ministerial duty to record the common-law marriage without any discretion to refuse and that plaintiffs have no plain or adequate remedy at law.

We accept the view expressed elsewhere that the Registrar of Vital Statistics is a ministerial officer, possessing limited discretion,[4] whose duties are specifically defined by the Legislature. *See Eugene Cervi & Co. v. Russell,* 184 Colo. 282, 287, 519 P.2d 1189, 1191 (1974). In the present case we find that the defendant is only required to record those marriages performed in accordance with the provisions of chapters 2 and 3 of title 15 concerning licensing and solemnization of marriages. There being no evidence that the plaintiffs are in compliance with these requirements, we conclude that no legal duty rests with the defendant, and mandamus does not lie.

The plaintiffs' appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Aram K. Berberian,* for plaintiffs.

*William A. Farrell,* Legal Counsel, Division of Legal Services, Department of Health, for defendant.

---

[4]Pursuant to the provisions of G.L. 1956 (1968 Reenactment) §23-3-12A, the Director of Health is empowered to promulgate regulations to allow the defendant to record marriages previously occurring in the state, subject to certain evidentiary requirements. The director has chosen not to do so.