William E. FITCH, Jr.

v.

## DEPARTMENT OF TRANSPORTATION DIVISION OF MOTOR VEHICLES.

No. 85–272–M.P.

Supreme Court of Rhode Island.

Jan. 6, 1988.

Patrick O. Hayes, Jr., Corcoran, Peckahm & Hayes, Newport, for plaintiff.

Francis J. Pickett, Jr., State Agency, F. O'Halloran, Jr., Providence, for defendant.

## OPINION

FAY, Chief Justice.

This is a petition for certiorari wherein William E. Fitch, Jr. (Fitch), seeks review of a District Court judgment affirming an order of the Registry of Motor Vehicles that suspended his driver's license. We affirm.

On July 3, 1983, the Newport police charged Fitch with the offense of operating an automobile while under the influence. Before a District Court judge on September 21, 1983, Fitch pleaded nolo contendere to the amended charge of reckless driving. Pursuant to G.L. 1956 (1982 Reenactment) § 31–11–5, an abstract of this reckless-driving conviction was forwarded to the Registry of Motor Vehicles (hereinafter the registry). On January 17, 1985, the registry, acting under § 31–11–7, as amended by P.L. 1983, ch. 229, § 1, notified Fitch that his license and registration would be suspended for three months beginning January 28, 1985. Fitch requested a hearing under § 31–11–7 to review the suspension order. At the hearing Fitch, acting under advice of counsel, neither testified nor proffered any evidence. The registry, however, introduced the aforementioned abstract of his conviction as evidence. The hearing officer affirmed the suspension.

On February 15, 1985, Fitch appealed to the Sixth District Court. Upon review the District Court judge affirmed the suspension and rejected Fitch's argument that he was denied sufficient procedural due process. The judge, however, treated this case as an appeal pursuant to § 31–31–2, instead of recognizing that it was an appeal pursuant to § 31–11–7. Fitch successfully sought our court's review of the suspension by writ of certiorari.

Fitch posits two arguments supporting his position that the suspension of his license should be reversed. First, he argues that the registry did not present sufficient evidence at the suspension hearing to support the suspension and thereby deprived him of due process of law. Second, he maintains, and the registry agrees, that the District Court judge improperly treated the case as a financial-responsibility appeal under § 31–31–2.

▆ In his first argument, Fitch maintains that the Legislature mandates that the registry make specific findings before imposing a suspension for reckless driving under § 31–11–7.[1] Specifically, Fitch asserts that the registry must find the following before imposing the suspension: that the suspension is necessary to protect public safety and welfare in light of the circumstances in which the offense was committed, that there is a likelihood of recurrence, and that a deterrent effect might reasonably be expected to result from the hardship the suspension or prospective sus-

pension would entail. *See* G.L. 1956 (1982 Reenactment) § 31–11–7. Fitch argues that because the registry did not make these specific findings, and because the registry did not present any evidence to establish these factors at the subsequent suspension hearing, he was denied the procedural due process mandated under § 31–11–7. This argument is without merit.

Fitch was afforded a meaningful hearing. Section 31–11–7 authorizes the registry to suspend the license of an operator without a preliminary hearing upon a showing of its records or other sufficient evidence that the licensee is a reckless or negligent driver of a motor vehicle. The registry's records revealed that the District Court accepted Fitch's nolo contendere plea to the reckless-driving charge. Although Fitch contends that the registry must make additional findings before imposing the suspension, he is wrong. A clear reading of § 31–11–7 indicates that registry records or other sufficient evidence that a licensee is a reckless or negligent driver is sufficient to enable the registry to suspend the license. The registry possessed records of Fitch's reckless-driving conviction, and therefore, it possessed the statutory authority necessary to suspend his license.

The purpose of the factors enumerated in § 31–11–7, which Fitch erroneously argues are germane to the suspension decision, is to provide the registry with guidelines for determining the length of the suspension.

1. General Laws 1956 (1982 Reenactment) § 31–11–7, as amended by P.L. 1983, ch. 229, § 1, provides in relevant part:
"(a) The registry is hereby authorized to suspend the license of an operator or chauffeur without preliminary hearing upon a showing by its records or other sufficient evidence that the licensee:
" * * *
"(4) Is a reckless or negligent driver of a motor vehicle;
" * * *
"Such suspension shall be for such length of time, not exceeding one (1) year, as the registry shall determine is necessary in order to protect public safety and welfare based upon its findings of the circumstances under which the offense was committed, the likelihood of recurrence and the deterrent effect that might reasonably be expected to result from the hardship a suspension or prospective suspension would entail.
"(b) Upon suspending the license of any person as hereinbefore in this section authorized, the registry shall immediately notify the licensee in writing, and upon his request shall afford him an opportunity for a hearing as early as practical within not to exceed twenty (20) days after receipt of such request. Upon such hearing the registrar or his duly authorized agent may administer oaths and may issue subpoenas for the attendance of witnesses and the production of relevant books and papers and may require a reexamination of the licensee. Upon such hearing the registry shall either rescind its order of suspension or, good cause appearing therefor, may continue, modify or extend the suspension of such license or revoke such license."

According to § 31–11–7, the registry's suspension of a license based on a reckless-driving charge shall not exceed one year. The statute provides that the registry shall consider these factors in order to determine the appropriate duration of the suspension. Since the registry had knowledge of the circumstances surrounding the conviction, it is deemed to have considered these factors before imposing the three-month suspension.

■ Fitch also argues that the registry failed to meet its burden of proof at the suspension hearing. The registry, however, does not have the burden of proving again the reckless-driving conviction at the suspension hearing. The record of Fitch's conviction, which the registry offered as evidence, was sufficient to justify the suspension. The registry need not present any other evidence. As this court noted in *Craig v. Pare*, 497 A.2d 316, 320 (R.I.1985), the suspension hearing affords the licensee an opportunity to mitigate the original suspension order. At this hearing the licensee is given the opportunity to present witnesses and to offer other evidence. Fitch declined to take advantage of this opportunity to show cause why his suspension should be modified. Since Fitch was not refused the opportunity to present witnesses on his behalf, he cannot presently contend that his due-process rights were violated. As we noted in *Craig*, it is the opportunity to exercise a right and not the actual implementation of that right that constitutes due process. 497 A.2d at 320–21.

■ Fitch also argues that this court should reverse his suspension because the District Court erroneously treated this case as an appeal pursuant to § 31–31–2, which provides for judicial review of suspensions imposed under the financial-responsibility chapters of title 31. This argument is also without merit. Although the District Court should have reviewed this appeal under § 31–11–7, it is well settled in this jurisdiction that this court will uphold a correct decision notwithstanding the faulty reasoning or mistake of law upon which it rests. *Souza v. O'Hara*, 121 R.I. 88, 90,

395 A.2d 1060, 1061 (1978). As previously noted, the hearing officer properly affirmed the original suspension in light of Fitch's failure to present mitigating evidence. Likewise, the District Court decision denying the appeal was also correct.

For the foregoing reasons the petition for certiorari is denied and dismissed, and the writ heretofore issued is quashed. The records certified to us are ordered returned to the District Court with our decision endorsed thereon.