PAOLO IBELLO *vs.* LOUIS A. SWEET, Admr. and JENNIE IBELLO.

SAME *vs.* LOUIS A. SWEET, Admr. and ANTONETTA IBELLO.

JULY 2, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Common Law Marriage.   Evidence.*

While a common law marriage is valid in this State, before a court will recognize a status to be that of a common law marriage, the serious intention of the parties to enter into the relation of husband and wife must be convincingly established in evidence.

*(2)   Common Law Marriage.*

Where the original relation between the parties was illicit in the absence of clear proof to the contrary the presumption of law is that such meretricious relation continued.

*(3)   Common Law Marriage.*

Where the original relation between the parties was illicit, but after the impediment to their marriage had been removed they consented to be man and wife and evidenced this by a celebration and feast at which such intention was announced with some measure of formality in presence of an assembled company, which intention was further evidenced by their subsequent conduct and statements and by cohabitation, the relation of marriage was established between them.

PROBATE APPEALS.   Heard on exceptions of appellees and sustained.

SWEETLAND, C. J.   Each of the above entitled cases is an appeal from a decree of the Probate Court of North

Providence. The first case is an appeal from the decree of that court allowing certain articles of household furniture, which are part of the personal estate of Raffaele Ibello, deceased intestate, to the appellee Jennie Ibello, sometimes called Antonetta Ibello, as the widow of said Raffaele. The second case is an appeal from a decree of that court allowing to the appellee, Jennie Ibello, $450 from the estate of Raffaele for the support of the family of Raffaele for the term of six months next after his death. The appellant is the father of the intestate, and the appellee Jennie claims that she was the common law wife of the intestate.

The appeals were tried before a justice of the superior Court sitting without a jury. The justice decided that, in the circumstances of the case, the appellee Jennie was not the common law wife of Raffaele and sustained said appeals. The cases are before us upon the exception of the appellees to the decision of the justice in each case. In making his decision the justice did not have the assistance of the opinion of this court in *Holgate* v. *United Electric Railways Co.*, 47 R. I. 337, which opinion has been filed since the decision of the justice in the appeals at bar. It appears that the intestate had been married to one Margherita Ibello a number of years ago. The wife, Margherita, had separated from him and lived in Italy where she died in 1922. For some years previous to 1922 Raffaele had lived with Jennie and from that relationship two children were born. In the middle of January, 1923, Raffaele received from Italy a certificate of the death of his wife Margherita. No question is raised by the appellant that Margherita died in December, 1922. Upon receipt of the certificate Raffaele gave it to Jennie and said to her "Now you are my wife". He then, accompanied by Jennie, went to the home of the father of Jennie and prepared to make what he called a "wedding". Raffaele "went downstreet" in an automobile and bought a large quantity of provisions for the celebration. He also brought some company with him, and the members of Jennie's family were there. The witnesses testified that

they then had "a big time" and a feast. In the presence of the company assembled Raffaele announced that Jennie was his wife. He had those present drink to Jennie's health as his wife. He kissed the hand of the mother of Jennie and said, referring to Jennie, "Mother, she is my wife". On the same evening at his own home Raffaele called in a neighbor, and that neighbor's wife, to drink "to his wife, Jennie Ibello". At another wedding, held soon after, which he and Jennie attended as guests, he introduced Jennie as his wife to a "lot of people".

In *Holgate* v. *United Electric Railways Co.*, 47 R. I. 337, this court has decided that a common law marriage is valid in this State. But before a court will recognize a status to be that of a common law marriage, the serious intention of the parties to enter into the relation of husband and wife must be convincingly established in evidence.

The original relation between Raffaele and Jennie was illicit before the death of Raffaele's first wife. In the absence of clear proof to the contrary the presumption of law is that such meretricious relation continued. We think that the appellee has rebutted such presumption by satisfactory proof. After the impediment to their marriage had been removed, Raffaele and Jennie then consented to be husband and wife, presently, and at once entered into a changed relationship. They evidenced this by a celebration and a feast, at which such intention was announced with particularity, and with some measure of formality, in the presence of the company then assembled. The intention of the parties was further evidenced by their subsequent conduct, and by their statements made to others in the presence of both, and by cohabitation. We are convinced that after the death of Margherita there was clearly a change in the relation of the parties, and we have no difficulty in finding that the status of marriage then arose between them, which continued until the death of Raffaele.

In each case the appellees' exception is sustained. Each case is remitted to the Superior Court with direction to

affirm the decree of the probate court, and for further proceedings.

*Louis V. Jackvony, John P. Fox,* for appellant.

*John L. Curran,* for appellee.