MAUDE H. ANDREWS *vs.* MARY J. T. EDWARDS.

MARCH 4, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

RATHBUN, J. This is a bill in equity for partition. The cause is before us on complainant's appeal from a decree of the Superior Court dismissing the bill.

The real estate in question was owned by the respondent and her late husband, Rhodes K. Edwards, 2nd, as tenants in common at the time of his death. He deceased intestate, and the complainant avers that she is his sole heir at law. To establish her averment the complainant attempted to show that at the time of her birth a common law marriage existed between her mother and said Edwards. At the conclusion of testimony for the complainant the trial justice

ruled that she had failed to prove that her mother and said Edwards were at any time husband and wife and dismissed the bill.

The complainant's mother, who was known as Ella Fecteau, obtained a divorce from her husband, Joseph Fecteau, in 1880. Within a short time thereafter she and her children went to the home of said Edwards. She lived with him at different places for a period of between ten and twelve years. In 1885 the complainant was born, and it is conceded that said Edwards was her father. Her birth certificate sets out that Rhodes K. Edwards, 2nd, was her father and that "Ella M. Edwards" furnished the information for record of said birth.

After living with said Edwards for many years the complainant's mother left his home and resided with her son for more than twenty years until her decease in 1905. In the meantime said Edwards married the respondent who thereafter had two children by him. The separation of complainant's mother from said Edwards was due to the fact that he transferred his attentions from her to the respondent thereby causing him to drive complainant's mother from the home.

Said Edwards obtained a livelihood by conducting at times a licensed saloon, and at other times resorts of a questionable character.

It appears that while the complainant's mother and said Edwards lived together the two occupied the same bed. Although he sometimes introduced her to strangers as his wife, we think the evidence fairly shows that she was frequently referred to by their neighbors as "Ella Fecteau" instead of as "Ella Edwards" and that the people, generally, in the vicinity in which they resided believed they were unmarried and did not consider them husband and wife.

In *Holgate* v. *U. E. R. Co.*, 47 R. I. 337, it was held that: "A common law marriage may be shown as an inference of fact from cohabitation, declarations, and reputation among friends and kindred," and in *Ibello* v. *Sweet*, 47 R. I. 480 at 482,

SWEETLAND, C. J., said: "But before a court will recognize a status to be that of a common law marriage, the serious intention of the parties to enter into the relation of husband and wife must be convincingly established in evidence."

In the case before us not a word of testimony appears tending to show that the parties ever seriously agreed to enter into the relation of husband and wife with all the reciprocal rights and obligations incident thereto. Furthermore, the unexplained fact that the complainant's mother made no effort to enforce her rights—if any she had—but, apparently, without protest permitted herself to be supplanted in the home by the respondent, and the fact that during her life complainant's mother never questioned the validity of the marriage between the respondent and said Edwards and, so far as appears, for more than twenty years neither sought nor received from him the slightest financial aid, indicate that she did not consider her relations with him other than meretricious.

After carefully reading the transcript we cannot say that the decision of said justice was unwarranted.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for Washington county for further proceedings.

*Grim, Littlefield & Eden, Benjamin W. Grim*, for complainant.

*Quinn, Kernan & Quinn*, for respondent.