TALVINA SILVA *vs.* MERRITT, CHAPMAN & SCOTT CORP.

OCTOBER 21, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is a petition under the Workmen's Compensation Act to recover compensation for the accidental death of one Tony Silva while in the employ of the respondent. The cause is here on the appeal of petitioner

from a final decree of the Superior Court, by which the petition was denied and dismissed.

Petitioner claims she was the common law wife of Tony Silva at the time of his death in April, 1929, and hence is a dependent entitled to compensation. Petitioner married one Charles Perry in 1917. After living together for several years she and Perry separated. In 1921 Tony Silva came to board with petitioner and thereafter they lived together in the same house as husband and wife. They were supposed to be husband and wife by the community in which they lived and petitioner was known as Mrs. Silva. February 11, 1927, the petitioner filed a petition for divorce from her husband, Charles Perry. The petition was uncontested and petitioner was granted a divorce in January, 1928, and a final decree was entered July 11, 1928. The divorce was procured in pursuance of an agreement of petitioner with Tony Silva and he paid the legal charges. In her petition, and also in her testimony by deposition, the petitioner, under oath, stated that she had been a faithful wife and had performed all the obligations of the marriage covenant. She committed perjury and deceived the court. The decree of divorce was procured by fraud on the court and on proper proceeding thereafter would have been set aside. *Johnston* v. *Johnston,* 37 R. I. 362; *Berger* v. *Berger,* 44 R. I. 295; see also *McGraw* v. *McGraw,* 48 R. I. 426.

Petitioner testifies that the plan was to procure a divorce and thereafter she and Tony Silva were to have a ceremonial marriage performed; that some time after the final decree was entered she had a talk with Tony about getting married and he told her "it is not necessary to become married because we are known to be living as man and wife."

The trial court found as a fact that the divorce was obtained by fraud of this petitioner and decided that petitioner was not the wife of Tony Silva and hence was not entitled to any compensation. This decision is correct. A common law marriage is valid in this State; it may be established by the acts, declarations and conduct of the

parties and by competent circumstantial evidence. *Holgate* v. *United Electric Rys. Co.*, 47 R. I. 337; *Ibello* v. *Sweet, &c.*, 47 R. I. 480. Although marriage is of the nature of a civil contract, it is a contract which is subject to the regulation of the State, in which in its inception or its dissolution the State has a vital interest. To establish the fact of a common law marriage the proof must be clear and convincing. In the *Holgate* case, *supra,* the court decided that a common law marriage might be established as an inference of fact from cohabitation, declarations, reputation among friends and kindred.

The question in the case at bar is not one with respect to the validity of the divorce of Charles Perry nor does it involve a collateral attack on said divorce. The petitioner claims that after the entry of the final decree of divorce and the consequent removal of the impediment to the marriage the illicit relation between herself and Tony Silva was changed to lawful marriage by the understanding between them that they were married and there was no need for a ceremonial marriage because they were living as man and wife and were so known to be by the community. On this slight evidence the court, it is claimed, is bound to draw the inference that there was a common law marriage. In our opinion no such inference is warranted or is justified. The supposed change of relation and status was not known to anyone but the interested parties. Without any change they continued to live together in the same apparent relationship in the same house until the death of Tony. The inference is permissible that they decided to continue living as before, in view of the fact that any notice to the public of a changed relationship would expose them to censure for their misconduct in the past. Another reason against the drawing an inference of marriage is that to support such an inference the court must close its eyes to the fraud of the petitioner whereby the existing impediment to marriage was to be removed. To draw the inference of marriage would require the court to assist in making the fraud

complete. The petitioner can not take a legal advantage of her own wrong. The court will not lend its aid to one guilty of fraud. *Teoli* v. *Nardolillo,* 23 R. I. 87.

The appeal is. denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court.

*Edward F. McElroy, Justin P. McCarthy,* for petitioner.
*Ralph T. Barnefield,* for respondent.