Alice **JOHNSON**, Plaintiff,

v.

Oveta Culp **HOBBY**, Secretary of the Department of Health, Education and Welfare, Defendant.

Civ. A. No. 1719.

United States District Court
D. Rhode Island.

March 23, 1955.

Raymond J. Surdut, Providence, R. I., for plaintiff.

Jacob S. Temkin, U. S. Atty., Samuel S. Tanzi, Asst. U. S. Atty., Providence, R. I., for defendant.

DAY, District Judge.

In this action brought under the provisions of section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), the plaintiff seeks a reversal of the decision of the Referee of the Appeals Council of the Social Security Administration that the plaintiff was not entitled to old-age insurance benefits for any month prior to July 1952. It is the plaintiff's contention that she is entitled to such benefits commencing with the month of January 1952.

The record discloses that the plaintiff executed and filed a formal application for such benefits in the field office of the Bureau of Old Age and Survivors Insurance in Providence, Rhode Island, on March 4, 1953; that she had made an inquiry at said office in January, 1953 concerning such benefits and for that reason her application was deemed to have been filed at the time of such inquiry with the result that she was held to be entitled to benefits beginning with the month of July, 1952 under the provisions of section 202(j) of the Act, 42 U.S.C.A. § 402(j). The plaintiff upon being advised of this award filed a request for a hearing before a Referee of the Local Security Administration stating that she disagreed with the award because she had made her original application in the field office of said Bureau in the City of New York on the last Wednesday of May, 1952 or on the first Wednesday of June, 1952 and that either of those dates should be regarded as the date of her application and not January, 1953 as found by the Administrator and

that under the provisions of section 202 (j) of said Act she is entitled to such benefits commencing with the month of January, 1952.

The transcript of the hearing before the Referee discloses that the plaintiff appeared before him, was duly sworn and testified unequivocally that while living in the City of New York she had called at the field office of the Bureau in that city on either the last Wednesday of May, 1952 or the first Wednesday of June, 1952 to make inquiry concerning her right to old age insurance benefits; that she discussed the matter with an employee in that office, giving the latter certain information which she requested and signed a form presented to her for her signature; that she then moved to Providence and in January, 1953, not having been informed by the New York office of any decision on her application, consulted her attorney who made inquiry in her behalf at the Providence office; and that a second application was filed by her in March, 1953.

In his decision the Referee states that pursuant to the provisions of section 403.701(k) (1) of Social Security Administration Regulations No. 3 the filing date of an application for old age insurance benefits can be established on the basis of an oral or written expression of an intention to the Bureau to claim such benefits. The pertinent provision of said section as appearing in his decision is as follows:

"When a person orally or in writing expresses to the Bureau an intention to claim benefits * * * and it appears that such person is not eligible or that his eligibility is so doubtful that the taking of an application upon a prescribed form would not be warranted, the Bureau shall so advise such person and shall also advise him that if he desires he may file an application on a prescribed form to obtain a formal adjudication of his rights. Where an application on a prescribed form is not then filed because of doubtful eligibility, the Bureau shall make and maintain in its files a written record of the expressed intention to claim benefits * * * in all cases in which some possibility of entitlement exists, even though remote. If it is later found that such person was eligible for benefits * * * at the time the record was made, this record shall, except where such person otherwise indicates be deemed an application filed with the Bureau as of the date it is made: *Provided,* That an application on a prescribed form is also furnished to the Bureau. Thereafter, adjudication shall proceed as in other cases."

Relying on the foregoing provision, the Referee held that "before a so-called retroactive filing date can be established there must be a *written* record of the expression (of intention) to claim benefits." He then concluded that since a search of the records of the Bureau failed to disclose the existence of any written record of the plaintiff's alleged visit to the New York office of the Bureau in May or June, 1952, she was not entitled to benefits for any month prior to July, 1952.

The defendant urges that I should not disturb the finding of the Referee because it is as she contends, supported by substantial evidence. I am fully aware that the issue of the plaintiff's entitlement to benefits prior to July, 1952 is not triable de novo before me. The review here is a limited one. If the findings of fact by the Referee are supported by substantial evidence they are conclusive upon me and are not otherwise subject to review. Hobby v. Hodges, 10 Cir., 1954, 215 F.2d 754; United States v. LaLone, 9 Cir., 1945, 152 F.2d 43; Social Security Board v. Warren, 8 Cir., 1944, 142 F.2d 974; Title 42 U.S.C.A. § 405(g).

The Referee has apparently based his decision solely on the non-existence of a written record of the plaintiff's expression of intention to claim the benefits which she now seeks. He had the opportunity of observing the plaintiff, of hearing her testimony and of determin-

ing the weight and credence to be given thereto. If her testimony was true, she should not be penalized for any failure by the employees in the New York City office of the Bureau to preserve the written record which she claims was made on the occasion of her visit to that office. Although not likely, it is not improbable that such a record, if made, could have been misplaced or lost through inadvertence on the part of someone.

Bearing this in mind, I do not think that the existence or non-existence of said written record should be conclusive of the rights of this plaintiff. There should have been a determination by the Referee as to whether the plaintiff established in his opinion by the proper degree of proof that she did in fact in May or June, 1952 express her intention to claim said benefits. Lacking, as it does, any such finding of fact, the decision of the Referee is reversed and the cause is remanded to the Appeals Council for a rehearing and determination consistent with this opinion.