**Santina SCALZI et al., Plaintiffs,**

v.

**Marion B. FOLSOM, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 2023.**

United States District Court
D. Rhode Island.

Nov. 13, 1957.

John DiLibero, Providence, R. I., for plaintiffs.

Joseph Mainelli, U. S. Atty., Arnold Williamson, Jr., Asst. U. S. Atty., Providence, R. I., for defendant.

DAY, District Judge.

Plaintiffs in this action, brought under the provisions of Title 42 U.S.C.A. § 405

(g), seek a judicial review of the final decision of the defendant denying them insurance benefits under the Social Security Act.

The plaintiff, Santina Scalzi, applied for mother's insurance benefits on her own behalf and for child's insurance benefits for Pierina Scalzi, a minor, as the alleged widow and child, respectively, of Peter Scalzi, who died fully insured on August 16, 1955, domiciled in the State of Rhode Island.

■ To entitle the plaintiffs to the benefits which they sought, the burden rested upon them to establish that they are the widow and child, respectively, of the wage earner as defined in said Act, Title 42 U.S.C.A. § 416(h) (1) which reads as follows:

"In determining whether an applicant is the wife, husband, widow, widower, child, or parent of a fully insured or currently insured individual for purposes of this subchapter, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, or if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a wife, husband, widow, widower, child, or parent shall be deemed such."

The evidence adduced at the hearing before the Referee, whose findings and conclusions became those of the defendant, may be briefly summarized as follows: the wage earner was married to one Maria on November 17, 1913, and the plaintiff Santina to one Giuseppe Campagnone in July 1920; sometime prior to 1937 the wage earner separated from Maria and about February 1937 went to live with Santina who had separated from her husband but who was still married to him; on January 6, 1938, Santina obtained a final decree of divorce' from Campagnone but the wage earner did not obtain a final decree of divorce from Maria until December 31, 1947; the wage earner and Santina lived continuously together from February 1947 until his death and the plaintiff Pierina was born of this relationship on June 1, 1942.

On January 1, 1948, a large gathering of friends, relatives and immediate members of the family took place at the home of Santina; at this gathering Santina testified that the wage earner presented her with a watch, stated that she was his wife and "that he hoped they could marry"; some neighbors considered them to be husband and wife and that the decedent had often referred to the plaintiff Santina as his wife; a son of Santina by her marriage to Campagnone was reported as missing in action in February 1943 while on duty with the United States Navy; insurance benefits on account of his death were paid to her but that she was advised to deposit the money in a bank since she might be called upon to return it; in 1946 she purchased a home in Providence, Rhode Island, with these funds, taking title in her own name, using her former husband's surname rather than that of the wage earner; that concerning this transaction she testified "I wanted to marry Mr. Scalzi and he wanted to marry me but we did not do so as I did not want the property in the name of Campagnone to be changed to Scalzi. His children caused a great deal of trouble in money matters and I did not want them to have any interest in my property"; that on June 16, 1955, the wage earner in a claim filed with the Veteran's Administration stated that he was unmarried and later, on July 11, 1955, shortly before his death, he filed an application for old age benefits wherein he indicated that he was not married; that in his will he made no provision for the

plaintiff Santina and left his entire estate to the plaintiff Pierina, and in the event of her death before she attained her majority to the children by his marriage to Maria; and that Santina and the wage earner lived continuously together until his death.

Plaintiffs in their application for benefits and at the hearing before the Referee contended that they are the widow and child, respectively, of the wage earner because there was a valid common law marriage under the law of Rhode Island between Santina and the wage earner.

The Referee found and concluded that the plaintiffs had not established the existence of a valid common law marriage between Santina and the wage earner under the laws of Rhode Island and hence that they were not his widow and daughter, respectively, as claimed by them.

In support of their petition for review of the Referee's findings and decision which became those of the Secretary the plaintiffs contend that they are based upon "a misconception of the law and the evidence and the weight thereof".

■ At the outset it must be recognized that the review here is a limited one. This review is not a trial de novo but is limited to the pleadings and the transcript of the hearing before the Referee. If his findings are supported by substantial evidence they are conclusive upon me. Hobby v. Hodges, 10 Cir., 1954, 215 F.2d 754; United States v. LaLone, 9 Cir., 1945, 152 F.2d 43; Social Security Board v. Warren, 8 Cir., 1944, 142 F.2d 974; Johnson v. Hobby, D.C.R.I.1955, 131 F.Supp. 497. Title 42 U.S.C.A. § 405(g).

■ It is undisputed that there may be a valid common law marriage in Rhode Island. In Ibello v. Sweet, 47 R.I. 480, at page 482, 133 A. 801, the Supreme Court held:

"In Holgate v. United Electric Railways Co., 47 R.I. [337], 133 A. 243, this court has decided that a common-law marriage is valid in this state. But before a court will

recognize a status to be that of a common-law marriage, the serious intention of the parties to enter into the relation of husband and wife must be convincingly established in evidence."

And in the later case of Silva v. Merritt, Chapman & Scott Corp., 52 R.I. 30, at page 32, 156 A. 512, at page 513, the Supreme Court said:

"Although marriage is of the nature of a civil contract, it is a contract which is subject to the regulation of the state, in which in its inception or its dissolution the state has a vital interest. To establish the fact of a common-law marriage, the proof must be clear and convincing. * * *"

■ In my opinion there is substantial evidence in the record to support the finding of the Referee that the plaintiff Santina has failed to establish the fact of her common law marriage by clear and convincing evidence as required by the law of Rhode Island. The evidence of her unwillingness to participate in a ceremonial marriage after all impediments thereto had been removed and the wage earner's denials after 1948 and until his death that he was married afford ample basis for the Referee's finding that there was no serious intention of the parties to enter into the relation of husband and wife.

■ There having been no valid common law marriage between her mother and the wage earner subsequent to her birth, it follows that Pierina was the illegitimate child of the wage earner at the time of his death. General Laws of Rhode Island, Revision of 1938, Chapter 415, Section 5: General Laws of Rhode Island, Revision of 1938, Chapter 424, Section 13, as amended by Public Laws, 1944, Chapter 1394. Under Rhode Island law a child born out of wedlock is capable of inheriting on the part of his mother in like manner as if born in lawful wedlock. General Laws of Rhode Island, Revision of 1938, Chapter 567, Section 7. But such a child does not

take the intestate personal property of his father by devolution. See Andrews v. Edwards, 51 R.I. 232, 153 A. 660. General Laws of Rhode Island, Revision, of 1938, Chapter 567, Section 9.

 Since Pierina did not have the status of a child relative to the taking of the intestate personal property of the wage earner by devolution, she is not his child within the meaning of that term as it is defined in the Social Security Act and is not entitled to a child's insurance benefits.

In my opinion the findings and decision of the Secretary are supported by substantial evidence and are not based upon any misconception of the law or the evidence. Accordingly the petition for review must be and it is denied and dismissed.

Judgment shall be entered for the defendant.