Lena B. SUMMERHILL, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,**
Defendant.

Civ. A. No. 3-2524-C.

United States District Court,
N. D. Texas,
Dallas Division.

Aug. 25, 1971.

Lena B. Summerhill, pro se.

**44**

Eldon B. Mahon, U. S. Atty. by Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., for defendant.

## MEMORANDUM AND ORDER

WILLIAM M. TAYLOR, Jr., District Judge.

This is an action under the Social Security Act, as amended, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education, and Welfare denying her widow's insurance benefits pursuant to 42 U.S.C. § 402(e) for any time prior to March, 1965. Defendant has moved the Court to affirm the hearing examiner's findings in a summary judgment.

Plaintiff's husband died in 1950. She testified that she called the Social Security Office twice, once in 1952 and again sometime between 1952 and June 24, 1955, but that on both occasions they were unable to give her any information. She also stated that she personally visited the office twice after June 24, 1955. There is no record of these calls or visits in plaintiff's file maintained by the Social Security Office. Plaintiff's testimony was vague as to the dates of these contacts with the agency.

The first written application for benefits (Hospital Insurance Entitlement based on her own earnings record) was made on March 19, 1966. When this application was received, it was also determined that plaintiff was entitled to the widow's insurance benefit based on the earnings record of her deceased husband. The Hospital Insurance Entitlement application was also treated as an application for widow's insurance benefits. Plaintiff was awarded her widow's insurance benefits beginning March, 1965, pursuant to § 202(j), 42 U.S.C. § 402(j), which provides for payment of benefits for twelve months retroactively from the date of application. This finding was affirmed by the Secretary and by an examiner after a hearing. The case is now properly before this court for review.

Plaintiff contested this finding, claiming that she is entitled to benefits under 42 U.S.C. § 402(e) beginning June 24, 1955, her sixty-fifth birthday. To substantiate her claim, she relies upon a regulation that existed prior to October 8, 1955, 20 C.F.R. § 403.701(k) (1), which provided:

When a person orally or in writing expresses an intention to claim benefits * * * and it appears that such person is not eligible or that his eligibility is so doubtful that the taking of an application upon a prescribed form would not be warranted, the Bureau should so advice such person and shall also advise him that if he desires he may file an application on a prescribed form and obtain a formal adjudication. Where an application on a prescribed form is not then filed because of doubtful eligibility, the Bureau shall make and maintain in its files a written record of the expressed intention to claim benefits * * * in all cases in which some possibility of entitlement exists, even though remote. If it is later found that such person was eligible for benefits * * * at the time the record was made, this record shall, except where such person otherwise indicates, be deemed an application filed with the Bureau as of the date it is made; Provided, that an application on a prescribed form is also furnished to the Bureau. Thereafter, adjudication should proceed as in other cases.

Plaintiff's theory is that the oral inquiries prior to June, 1955 suffice to meet the requirements of the above regulation. She contends that she should not be penalized because the agency failed to make a written record of these inquiries. See Johnson v. Hobby, 131 F.Supp. 497 (D.R.I. 1955). Therefore, according to the regulation, she argues, although the written application was not made until March, 1966, her benefits should be retroactive to the date she first became eligible for the benefits, June 24, 1955.

Section 403.701(k) (1) was superseded as of October 8, 1955 by an amendment to Subpart G of Regulations No. 4 (20 C.F.R.Cum.Supp. 404.1 et seq., 42 U.S.C.A. Appendix) which added new Sections 404.601 through 404.615. Under these amendments a written application is required. See Flamm v. Ribicoff, 203 F.Supp. 507, 510 (S.D.N.Y. 1961). According to plaintiff's brief, Section 403.701(k) (1) remained effective for 90 days after October 8, 1955 if an application on the form prescribed by Section 404.602 was filed within the same 90-day period.

This latter extension does not help the plaintiff because no application was filed within the 90-day period. For § 403.701(k) (1) to be of any assistance to plaintiff, she must show that she orally expressed an intention to claim benefits after June 24, 1955 because the regulation provides that the oral inquiry will be deemed an application filed as of the date it was made if " * * * such person was eligible for benefits * * * at the time the record was made * * *." Plaintiff must, therefore, establish that these inquiries were made sometime between June 24, 1955 (the date she became eligible) and October 8, 1955 (the date the regulation was superseded).

The Johnson v. Hobby case plaintiff relies upon does not take her as far as she needs to go. That case said that the absence of a written record in the Bureau's files was not conclusive evidence that the plaintiff's visit never occurred. The Court remanded the cause to the referee instructing him to determine whether the plaintiff established, in his opinion, by the proper degree of proof that she did in fact in May or June of 1952 express her intention to claim said benefits. It is only after this fact is affirmatively established that the Court's dicta that she should not be penalized by the Bureau's failure to record the incident applies.

That Court explained, that the referee

* * * had the opportunity of observing the plaintiff, of hearing her testimony and of determining the weight and credence to be given thereto. 131 F.Supp. at 498–499.

In this case, the hearing examiner did exactly what the Johnson v. Hobby Court instructed. His findings and the record itself reflect that in addition to the absence of any record of telephone calls or visits to the office by plaintiff prior to March, 1966 plaintiff's testimony as to when such calls or visits were made was vague and contradictory. The hearing examiner found that no oral inquiries were made prior to February 1966 and no written application was made until March 21, 1966. Under the Court's analysis of the law at the time, an inquiry needed to have been made between June 24, 1955 and October 8, 1955.[1] The burden of sustaining the claim for benefits is upon the claimant. McSweeney v. Celebrezze, 253 F.Supp. 100, 108 (S.D.N.Y.1966). Part of that burden here was to establish that inquiries were made during this period. The examiner's findings do not reflect that any inquiries were made during this period. They cannot be faulted in this regard.

For the reasons set forth above, the defendant's motion for summary judgment is granted.

---

1. The time period during which inquiries must have been made can conceivably be extended to March 24, 1955, because an application at that time (and oral inquiries were treated as an application) was deemed to be filed within the first month of eligibility if it was filed within three months prior to the month in which the applicant first became eligible for benefits. See the Social Security Act § 202(j) (2), 64 Stat. 487.
Even with this three-month extension, the examiner's findings are still applicable and are affirmed.