Elizabeth Z. COTY

v.

Patricia Roberts HARRIS, Secretary of Health, Education and Welfare.

Civ. A. No. 79-0091-C.

United States District Court,
W. D. Virginia.

June 11, 1980.

Craig T. Redinger, Charlottesville, Va., for plaintiff.

Robert S. Stubbs, Asst. U. S. Atty., Roanoke, Va., for defendant.

TURK, Chief Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health, Education and Welfare[1] denying plaintiff's claim for divorced mother's bene-

---

1. This department has recently been divided, but will be referred to here by its traditional name.

fits under § 202(g) of the Social Security Act, as amended, 42 U.S.C. § 402(g). Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g).

The issues before the court are whether the Secretary's final decision is supported by "substantial evidence," and if it is not, whether plaintiff has met her burden of proof as prescribed by and pursuant to the Act. If such "substantial evidence" exists, then the final decision of the Secretary must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). Stated briefly, "substantial evidence" has been repeatedly defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Ginsburg v. Richardson*, 436 F.2d 1146 (3rd Cir. 1971), *cert. denied*, 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971); *Laws v. Celebrezze, supra*. It is more than a scintilla but less than a preponderance of the evidence. *Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977); *Forte v. Matthews*, 427 F.Supp. 187 (E.D.Pa.1977). Accordingly, this court must undertake a review of the evidence of record.

## STATEMENT OF THE FACTS

Plaintiff, Elizabeth Z. Coty, whose husband died in 1974, became eligible for benefits as a divorced mother when the Social Security Amendments of 1972, Pub.L. No. 92–603, 86 Stat. 1329, § 114(c) took effect on January 1, 1973. She did not, however, file the required written application, *see* 42 U.S.C. § 402(g)(1)(D), until March 9, 1978, at which point she received benefits retroactive one year to March 1977, as provided by 42 U.S.C. § 402(j). Plaintiff contends that on August 23, 1974, she had inquired as to her eligibility for mother's insurance benefits. However, a Social Security Field Representative mistakenly informed her that she was not eligible for any benefits on her own behalf and did not encourage her to file a written application. Plaintiff now contends that this representation made to her on August 23, 1974, estops the Social

Security Administration from refusing her benefits from the date of her divorced husband's death (i. e. May 1974) to March, 1977.

Relying on the Act and its regulations, the Administrative Law Judge denied plaintiff's claim for benefits back to May 1974 specifically finding that while plaintiff was improperly informed, the conduct of the Social Security representative did not amount to "affirmative misconduct". Holding that the doctrine of estoppel was not applicable, the Law Judge found as a matter of law that plaintiff failed to comply with the statutory and regulatory requirements for filing a written application. *See* 42 U.S.C. §§ 402(g)(1)(D), and (j)(1), and 20 C.F.R. § 404.601. Plaintiff, through counsel, filed this suit on October 19, 1979, seeking review of the Secretary's decision.

## STATEMENT OF THE RELEVANT ISSUE

The only apparent dispute is whether the misinformation given by the Social Security employee that plaintiff was not entitled to benefits at the time she filed an application on her daughter's behalf (i. e. August 23, 1974), estops the Social Security Administration from denying her benefits from March of 1974.

## RESOLUTION OF THE RELEVANT ISSUES

The court notes that the Government may sometimes be estopped from enforcing its rules, based on the conduct of its agents. Here, the Law Judge concluded that it is clear that plaintiff was improperly informed as to her rights by a Social Security employee on August 23, 1974. The record also indicates that the Social Security employee did not ask plaintiff if she wanted to file an application. When she asked if she should, the employee informed her that she was not eligible. This may not amount to a "refusal" to accept a written application, but it surely is conduct by the claims official deterring the filing of a written application. *Hansen v. Harris*, 619 F.2d 942 (2nd Cir. 1980). The question thus becomes whether the Government is estopped in this

specific situation, which falls short of intentional deception but does constitute affirmative misinformation.

The court notes that the Social Security claims manual guiding communication between the prospective applicant and the representative indicates that the individual "should be fully informed of the application requirements and the advantages of filing," and that it will be appropriate to suggest to the individual that he file an application, resolving "any doubtful situation in favor of suggesting that the individual file." Social Security Claims Manual § 2003. More importantly it specifically advises the claims official in no uncertain terms: "Do not deter an individual from filing solely on the basis that he is not eligible . . . this is true even where he is clearly ineligible." These things the employee did not do for plaintiff.

Until recently, it was a rubric that the Government cannot be estopped. *See Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947). However, this traditional reluctance to apply the equitable estoppel doctrine has been decisively eroded in the last two decades.[2] *See United States v. Lazy FC Ranch*, 481 F.2d 985 (9th Cir. 1973); *Hansen v. Harris*, *supra*. This erosion finds a distinction being often drawn between a mere failure to provide accurate information, which will not give rise to estoppel, and "affirmative misconduct" by a Governmental Official, which may do so. *See Corniel-Rodriguez v. INS*, 532 F.2d 301, 307 (2nd Cir. 1976); K. Davis, *Administrative Law of the Seventies*, §§ 17.03 and 17.04 (Supp.1978). This distinction was given slight support by the Supreme Court in *INS v. Hibi*, 414 U.S. 5, 8, 94 S.Ct. 19, 22, 38 L.Ed.2d 7 (1973) (per curiam) ( "while the issue of whether 'affirmative misconduct' on the part of the

Government might estop it from denying citizenship was left open in *Montana v. Kennedy*, 366 U.S. 308, 314–15, 81 S.Ct. 1336, 1340–1341, 6 L.Ed.2d 313 (1961), no conduct of the sort there adverted to was involved here." )

In this case there was no finding of "affirmative misconduct", if that term is defined to mean intentional violation of a rule having the force of law. But here we are talking about a procedural requirement: The necessity of filing a written as opposed to oral application.[3] Plaintiff was at all times "substantively" eligible in the sense that she was in the class of people that Congress intended to benefit. It would fulfill the fundamental legislative goal to grant plaintiff the benefits she seeks. It is no answer to say that a written application is a condition precedent to entitlement, as the Eighth Circuit did in *Leimbach v. Califano*, 596 F.2d 300, 302 (8th Cir. 1979); we assume, as we have said, that that is the case, but the question we are discussing is whether the Government should be estopped here from insisting upon compliance with this essentially procedural requirement in order to claim retroactive benefits. The court believes that misinformation provided by a Governmental official combined with a showing of misconduct (even if it does not rise to the level of a violation of a legally binding rule) should be sufficient to require estoppel. The court is now constrained to conclude that, here, the Social Security Field Representative's statement and conduct were sufficient to create an estoppel as to procedural requirements. Misinformation was clearly given to the plaintiff. As for misconduct, the claims manual has relevance since it does indicate what is proper conduct of local office personnel.

*Weinberger*, 423 F.Supp. 149, 153 (E.D.N.Y. 1976); *Johnson v. Hobby*, 131 F.Supp. 497, 499 (D.R.I.1955). Since 1955, however, the regulations implementing the "has filed application" requirement have specifically provided for applications in written form. 20 C.F.R. § 404.601(c).

2. Professor K. Davis points out that the law has changed and "The Doctrine of Equitable Estoppel does not apply to the Government" as a result of the "almost uniform support of decisions of the 1970s." K. Davis, Administrative Law of the Seventies, § 17.01, at 399 (1976).

3. Until 1955, the Social Security regulations allowed for oral applications. *See Holmes v.*

Accordingly, we hold that Appellee did justifiably rely on the Government's conduct, which we have held was unjustifiable. We emphasize that our holding of estoppel under these circumstances is limited to the situation where (a) a procedural not a substantive requirement is involved and (b) an internal procedure manual or guide or some other source of objective standards of conduct exists and supports an inference of misconduct by a Government employee. *Cf. Hansen v. Harris, supra.*

Accordingly the court will issue an appropriate Order reversing the Secretary's denial of divorced mother's benefits and judgment will be entered for the plaintiff. Further this case will be remanded to the Secretary for determination of back benefits.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.