Cheryl A. DeMELO

v.

Richard P. ZOMPA.

No. 2001–174–Appeal.

Supreme Court of Rhode Island.

March 29, 2004.

show cause why the issues raised in this appeal should not summarily be decided. After considering the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the case should be decided at this time. For the reasons stated below, we affirm the trial justice's dismissal of plaintiff's complaint.

Cheryl A. DeMelo, Pro se.

John E. McCann, Esq., for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

PER CURIAM.

A romantic relationship gone awry eventually carried these parties into the Family Court. The plaintiff, Cheryl A. DeMelo, brought an action for divorce against the defendant, Richard P. Zompa, alleging that a common-law marriage had existed between them since May 1989. At trial, there was a stipulation that the matter be bifurcated, the parties agreeing that they try the issue of the existence of a marriage first. In the event that a common-law marriage was found, the disposition of marital property and other obligations between them would then be litigated. However, the trial justice denied and dismissed plaintiff's complaint, finding that plaintiff had failed to prove the existence of a common-law marriage by clear and convincing evidence. The plaintiff timely appealed.

This case came before the Court for oral argument on March 2, 2004, pursuant to an order directing all parties to appear and

## FACTS

The parties met in May 1985, at a time when both were employed as real estate agents at Smaldone Associates. Their relationship became intimate shortly thereafter, although plaintiff was married, albeit in the process of divorce, and defendant was engaged to be married to another woman. Their relationship continued after plaintiff's divorce became final and during defendant's marriage. Not surprisingly, that marriage did not survive, ending in divorce in May 1989. The defendant cohabitated with plaintiff at her residence while his divorce was ongoing. In September 1989 the parties purchased a condominium with plaintiff's brother, Michael DeMelo. When Michael moved to Florida in December 1993, the parties purchased his share and took title as tenants in common.

The testimony reveals that throughout their relationship, plaintiff filed tax returns as a single person.[1] The plaintiff also referred to herself as single on mortgage and insurance applications, and she did not designate defendant as a beneficiary on her pension or 401(k) plans. Further, the parties had no joint bank accounts and they equally divided all bills pertaining to the condominium. Michael DeMelo testified that defendant had referred to him as his brother-in-law, and on one occasion referred to plaintiff as his beautiful wife.

---

1. The plaintiff testified that she signed the tax     returns under the penalties of perjury.

However, friends of both plaintiff and defendant testified that they never heard the parties refer to each other as husband and wife, nor did they hear defendant refer to Mr. DeMelo as his brother-in-law. Those friends also testified that plaintiff told them that she would never marry again and that the diamond ring given to her by defendant, which she had been seen wearing on her right hand, was a friendship ring.

When the happy relationship ended, plaintiff instituted this action for divorce on October 6, 1999, seeking a divorce from the bond of marriage and an equitable distribution of their property.

## ANALYSIS

In her appeal, plaintiff advances two assertions of error by the trial justice. First, plaintiff argues that the ruling granting defendant's motion to strike plaintiff's post-trial memorandum was an abuse of discretion. Second, plaintiff appeals the decision of the trial justice dismissing her divorce complaint, asserting that there was sufficient evidence to support a finding of common-law marriage. We affirm the trial justice's decision as to each issue.

■ The plaintiff first claims that the trial justice erred in refusing to admit her post-trial memorandum. After both sides had rested, the trial justice informed the parties that they may present memoranda addressing the issue of common-law marriage, "in addition to what's been presented or otherwise." The plaintiff's submission incorporated several documents that had not been introduced at trial, as well as

an exhibit that had been marked only for identification at trial. The defendant moved to strike this memorandum under Rule 12(f) of the Family Court Rules of Procedure for Domestic Relations. The trial justice granted defendant's motion to strike, concluding that the exhibits plaintiff sought to include in her memorandum were not part of the record and therefore could not be considered by the court. The plaintiff argues that the motion to strike under Rule 12(f) was improper because her memorandum was not immaterial, impertinent, or scandalous in nature.[2] While Rule 12(f) applies only to pleadings, we nonetheless hold that the trial justice did not err in granting defendant's motion to strike plaintiff's post-trial memorandum.

■ It is well settled that " 'the admissibility of evidence is within the sound discretion of the trial justice.' " *Kurczy v. St. Joseph Veterans Association, Inc.,* 820 A.2d 929, 938 (R.I.2003). Absent a motion to reopen the case, plaintiff may not present additional evidence after the parties have rested. In this case, both sides had rested prior to plaintiff's attempt to offer what essentially was new evidence appended to her post-trial memorandum. Even if we were to construe plaintiff's efforts as a motion to reopen her case, an application to reopen for further evidence is also addressed "to a trial justice's sound judicial discretion, particularly in a nonjury case, and, absent an abuse thereof, an exercise of that discretion will not be disturbed on review." *Oury v. Annotti,* 113 R.I. 506, 512, 324 A.2d 325, 329 (1974). The plaintiff contends that at the close of trial, the trial justice allowed the parties to add

---

**2.** Rule 12(f) of the Family Court Rules of Procedure for Domestic Relations provides that "the court may order stricken from any pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Pursuant to Rule 7(a)(1) of the Family Court Rules of Procedure for Domestic Relations, in actions other than adoption, pleadings include a complaint, an answer, a reply to a counterclaim, and an answer to a cross-claim.

additional evidence in a post-trial memorandum. The plaintiff mischaracterizes the trial justice's statement. The trial justice told the parties that they could submit memoranda on the issue of common-law marriage for the court to consider, in addition to the evidence presented at trial. He made no reference to allowing additional evidence to be presented in the memoranda. Moreover, during trial, the trial justice cautioned plaintiff that evidence not presented at trial could not be considered as part of her post-trial submission.[3] Accordingly, the trial court did not abuse its discretion in striking plaintiff's post-trial memorandum.

■ The plaintiff's second issue on appeal is the trial court's dismissal of her divorce complaint after it found that a common-law marriage did not exist between the parties. In divorce actions, the findings of fact by a trial justice sitting without a jury are entitled to great weight and will not be disturbed by this Court on appeal unless the trial justice misconceived or overlooked relevant evidence or was clearly wrong. *Wrobleski v. Wrobleski*, 653 A.2d 732, 734 (R.I.1995); *Seabra v. Trafford–Seabra*, 655 A.2d 250, 252 (R.I. 1995). Although common-law marriages have long been recognized as valid in this state, *Holgate v. United Electric Railways Co.*, 47 R.I. 337, 339, 133 A. 243, 244 (1926), the existence of a common-law marriage must be "established by clear and convincing evidence that the parties seriously intended to enter into the husband-wife relationship." *Sardonis v. Sardonis*, 106 R.I. 469, 472, 261 A.2d 22, 24 (1970) (citing *Ibello v. Sweet*, 47 R.I. 480, 482, 133 A. 801, 801 (1926)). The parties' conduct also must be "of such a character as to lead to a belief in the community that they were married." *Id.* (citing *Williams v. Herrick*, 21 R.I. 401, 402, 43 A. 1036, 1037 (1899)). "[T]he prerequisite serious intent and belief is demonstrable by inference from cohabitation, declarations, reputation among kindred and friends, and other competent circumstantial evidence." *Id.* However, "the law presumes that what was meretricious in its origins continues thus in the absence of clear proof to the contrary." *Id.* at 472–73, 261 A.2d at 24 (citing *Ibello*, 47 R.I. at 482, 133 A. at 801–02).

After hearing testimony, which was conflicting at best, the trial justice dismissed plaintiff's divorce complaint, finding that plaintiff had not presented sufficient evidence that a common-law marriage existed. He found as a fact that, although plaintiff and defendant cohabitated for an extended period, plaintiff's case consisted of "nothing more than mere innuendo or self-serving statements."

■ We conclude that the trial justice properly dismissed plaintiff's complaint as there is woefully insufficient evidence to support plaintiff's claim that a common-law marriage existed. First, plaintiff did not present any evidence of a serious intent between her and defendant to enter into the relationship of husband and wife. She merely testified that they had discussions about spending their lives together, not necessarily as a married couple. Although plaintiff testified that she always wore a diamond ring on her left hand, which plaintiff says defendant gave her to signify that they were married, a picture was admitted in evidence clearly showing plaintiff wearing the ring on her right hand.

---

**3.** The plaintiff's counsel questioned the trial justice about including additional evidence in a post-trial memorandum. The trial justice responded that it could be included in a memorandum, but such evidence would "do absolutely nothing for [her] case." Defense counsel then objected to introducing evidence in a memorandum that could not be presented at trial, and the trial justice agreed, stating that it would not be allowed.

Second, there is a lack of clear and convincing evidence that plaintiff considered herself married. There were many documents introduced in evidence, such as tax returns, a mortgage application, and insurance applications in which she listed herself as single. The plaintiff also testified that defendant was not designated as a beneficiary on her pension or 401(k). Further, their condominium was owned as tenants in common, not as tenants by the entirety, or even joint tenants. Nor do the parties have any joint bank accounts.

Lastly, plaintiff failed to satisfy the trial justice that the parties held themselves out to the community as husband and wife. The plaintiff's only evidence was the testimony of her brother, who said defendant referred to him as his brother-in-law. However, long-time friends of both plaintiff and defendant testified that they never planned to get married, nor did they refer to each other as husband and wife. Clearly, the parties did not have a reputation in the community as husband and wife. In short, the evidence adduced by plaintiff was neither clear nor convincing.

After a review of the record, we are satisfied that in deciding the issues in this case, the trial justice did not overlook or misconceive material evidence, nor was he clearly wrong; the record is replete with legally competent evidence supporting his findings of fact. Thus, we conclude that the trial justice did not commit error in finding that the plaintiff has not proven the existence of a common-law marriage by the requisite standard of proof.

For the foregoing reasons, we affirm the trial court's judgment of dismissal of the plaintiff's complaint and remand the papers in the case to the Family Court.